**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHEREN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:21-CV-24397-Cooke/Damian**

MITCHELL LOURIDO,

     *Plaintiff*,

v.

365 CREDIT CLINIC LLC,

     *Defendant*.

_____/

**DEFENDANT'S, 365 CREDIT CLINIC LLC, UNOPPOSED MOTION TO QUASH**
**SERVICE OF PROCESS AND VACATE CLERK'S DEFAULT**

Defendant, 365 CREDIT CLINIC LLC, ("365 Credit" or "Defendant") by and through undersigned counsel, hereby moves for the entry of an Order quashing service of process and vacating the Clerk's default [DE 8] entered against it in this action, and for other related relief. The grounds for this motion are as follows:

**I.      PRELIMINARY STATEMENT**

Plaintiff submitted, and the Clerk entered, a Default against Defendant that is improper because Defendant was not properly served with process and as such this Court lack personal jurisdictional over Defendant. For this reason, addressed below, the default should be vacated, and the Court should quash service of process.

**II.      PROCEDURAL & FACTUAL BACKGROUND**

On or about December 20, 2021, Plaintiff, MITCHELL LOURIDO ("Plaintiff"), filed the instant action, and the Clerk of Court issued a Summons to serve Defendant. On or about January 11, 2022, Plaintiff filed a Proof of Service [DE 6] ostensibly effectuated on January 1, 2022, at

**EPGD ATTORNEYS AT LAW, P.A.**
777 SW 37th Ave, Suite. 510, Miami, FL 33135 • T: (786) 837-6787 F: (305) 718-0687 • www.epgdlaw.com

5:48pm. *See Plaintiff's Proof of Service attached hereto as Exhibit "A".* Plaintiff alleges it served Geovanni Suris ("Suris"), Defendant's registered agent. Thereafter, on January 25, 2022, Plaintiff filed a Motion for Clerks Entry of Default [DE 7], alleging Defendant has failed to respond to the Complaint despite being allegedly served by and through its registered agent, Suris. On January 26, 2022, the Clerk of Court entered a Default [DE 8] against Defendant due to its failure to "appear, answer, or otherwise plead to the complaint…" However, as detailed below, Defendant was not home at the time the alleged service occurred and has Ring Doorbell footage to support that the process server did not serve him at the date and time alleged in the Proof of Service. As of the date of this Motion, Plaintiff has not filed his Motion for Default Final Judgment.

### III.    ARGUMENT

#### A.  Federal Rule of Civil Procedure 55(c) is the Appropriate Vehicle for Defendant's Request for Relief.

As a general rule, "there is a strong policy of determining cases on their merits" and default judgments are generally disfavored. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Once a final default judgment has been entered in a case, a party must proceed to set aside said final default judgment under Rule 60(b). Fed. R. Civ. P. 60(b). However, if a Clerk's default has been entered but there has not been a final default judgment, a court may set aside a clerk's default upon a showing of good cause. Fed. R. Civ. P. 55(c); *see also Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Avacion*, 88 F. 3d 948, 951 (11th Cir. 1996).

"Good cause is a mutable standard, varying from situation to situation. It is also a liberal one – but not so elastic as to be devoid of substance." *Id*. (quoting *Coon v. Grenier*, 867 F. 2d 73, 76 (1st Cir. 1989)). Some factors Courts have considered when analyzing whether good cause exists include "whether the default was culpable or willful, whether setting it aside would prejudice

the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Avacion*, 88 F. 3d 948, 951 (11th Cir. 1996). Other factors the Court considers include "whether the defaulting party acted promptly to correct the default" and "where the public interest [is] implicated." *Id.* Regardless of the specific factors the court employees, the primary purpose is "[the factors] be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.*

In the present case, only a Clerk's Default has been entered and no Final Default Judgment has been entered, therefore, only Rule 55(c) applies. As detailed at length below, the Court should set aside the Clerk's Default as Defendant was never properly served with the Summons and Complaint, which on its own is sufficient good cause to vacate the Clerk's Default and quash service of process because the Court does not have personal jurisdiction over Defendant. Even if the Court were not inclined to quash service of process, Defendant has demonstrated good cause under Rule 55(c) to set aside the default.

Here, the default was not culpable or willful as Defendant was unaware of the lawsuit due to lack of service of process. As detailed below, when Defendant's registered agent, Suris, saw the footage of the process server on his Ring Doorbell camera's recording while he was not home, he diligently contacted an attorney to investigate whether Defendant had been named in a lawsuit. However, the attorney notified Suris that he did not locate a case. Relying on the attorney's investigation and the fact that he had not been served nor had any papers been left at the property indicating a lawsuit had been filed, Suris did not willfully disregard or intentionally disrespect the imposed deadline to respond to the Complaint. Suris did not become aware of the lawsuit until he received a copy of the Order Granting Clerk's Default on Saturday, January 29, 2022 in the mail

from Plaintiff's counsel. Upon receipt, Suris contacted and retained undersigned counsel on February 1, 2022. *See Affidavit of Geovanni Suris attached hereto as Exhibit "B".*

Second, setting aside the default would not prejudice Plaintiff as no discovery has occurred and Plaintiff has not filed its Motion for Final Default Judgment. Third, if and when Plaintiff properly serves Defendant with process in this action, Defendant shall file a response detailing its meritorious defenses to the claims raised in the Complaint, including Plaintiff failing to attach the contract between the parties which governs the facts alleged in the Complaint. *See Defendant's meritorious defenses detailed in Exhibit "B".* Given that Plaintiff has not perfected service of process, Defendant has not attached its response to the Complaint in an effort to not waive its right but will discuss service with counsel for Plaintiff should the present Motion be granted.

In addition to satisfying the aforementioned three factors, Defendant promptly moved to vacate the Clerk's default nine days after it was entered and within three days of retaining counsel. *See Exhibit B*. Lastly, the public interest is implicated as courts favor deciding cases on the merits and ensuring proper service is made upon Defendants before a default can be entered.

**B. This Court Should Quash Service of Process and Vacate the Clerk's Default because Defendant was Never Served with the Summons or Complaint as Required by Federal Law and Florida Law.**

"Where service of process is insufficient, a district court lacks personal jurisdiction over the defendant." *APL Micrscopic, LLC v. Corporate American Solutions, LLC, and Cariola Group, LLC*, Case No. 17-23316-CIV-MORENO, 2017 WL 5290898, at *1 (S.D. Fla. Nov. 9, 2017)(citing *Kelly v. State of Florida*, 233 Fed. Appx. 833, 884 (11th Cir. 2007)). Moreover, courts require "strict compliance with service of process procedures." *Id*. (quoting *Baraban v. Sussman*, 439 So. 2d 1046, 1047 (Fla. 4th DCA 1983)).

**EPGD ATTORNEYS AT LAW, P.A.**
777 SW 37th Ave, Suite. 510, Miami, FL 33135 • T: (786) 837-6787 F: (305) 718-0687 • www.epgdlaw.com

Federal Rule of Civil Procedure 4(h) provides the process by which a Limited Liability Company is to be served within the domestic territories of the United States. Federal Rule of Civil Procedure states service upon a Limited Liability Company shall be made:

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(B).

Additionally, Rule 4(h)(1)(A) of the Federal Rules of Civil Procedure provides that service of process may be made on a Limited Liability Company in the same manner as serving an individual "prescribed by Rule 4(e)(1)." Fed. R. Civ. P. 4(h)(1)(a). This means "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Accordingly, "a plaintiff may serve process on a limited liability company by delivering the summons and complaint to an officer, managing or general agent, or other agent who is authorized to receive service of process, or by following state law for service of process." *APL Micrscopic, LLC v. Corporate American Solutions, LLC, and Cariola Group, LLC*, Case No. 17-23316-CIV-MORENO, 2017 WL 5290898, at *2 (S.D. Fla. Nov. 9, 2017)(quoting Fitzpatrick v. Bank of New York Mellon, 580 Fed.Appx. 690, 693 (11th Cir. 2014)).

Florida Statute requires that service on a Limited Liability Company be made pursuant to Florida Statute §48.062(1) which states:

> Process against a limited liability company, domestic or foreign, may be served on the registered agent designated by the limited liability company under chapter 605. A person attempting to serve process pursuant to this subsection may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is a natural person and is temporarily absent from his or her office.

Fla. Stat. §48.062(1).

**EPGD ATTORNEYS AT LAW, P.A.**
777 SW 37th Ave, Suite. 510, Miami, FL 33135 • T: (786) 837-6787 F: (305) 718-0687 • www.epgdlaw.com

In the present case, service was not made using a method authorized by either Rule 4(h)(1) of the Federal Rules of Civil Procedure or Florida Statute §48.062(1). The Proof of Service [DE 6] filed by Plaintiff, alleges that Defendant's registered agent, Suris, was served with process on January 1, 2022, at 5:48pm at 14941 SW 283rd Street, Apartment 302, Homestead, Florida 33033. The Proof of Service purports to have served Suris and lists an alleged description of Suris. However, as detailed in Suris' affidavit attached hereto, Suris was not home at the date and time of this purported service and thus could not be served. *See Exhibit "B".* At the time of the alleged service on New Year's Day, Suris was at a family member's house celebrating the New Year. *See Id.* Accordingly, it is impossible for Plaintiff to have served Suris at the time and date detailed in the Proof of Service.

Plaintiff's allegations of service on January 1, 2022 are further refuted by Suris' Ring Doorbell video footage. Prior to filing the present Motion, undersigned counsel provided the footage to counsel for Plaintiff for his review. In the video footage, the process server first rings Suris' doorbell on January 1, 2022 at 5:42pm and can be seen standing outside of Suris' apartment holding a white paper that Defendant suspects is a copy of the summons and complaint to be served. *See photos of the Ring Doorbell video footage attached hereto as Composite Exhibit "C".* Once no one answers the door the process server walks away and later comes back to the door at 5:51pm holding the same white papers. The process server again knocks on Suris' door but no one answers. *See Composite Exhibit "C".* The process server walks away and is later seen walking around the apartment complex at 5:54pm holding the same papers. *See Composite Exhibit "C".* Ultimately, the process server is last seen at 5:56pm holding the same papers and then presumably leaves the property. *See Composite Exhibit "C".*

**EPGD ATTORNEYS AT LAW, P.A.**
777 SW 37th Ave, Suite. 510, Miami, FL 33135 • T: (786) 837-6787 F: (305) 718-0687 • www.epgdlaw.com

The proof of service falsely states that Suiris was personally served when there is footage showing that the process server did not serve anyone at the property. Specifically, the proof of service alleges Suris was served at 5:48pm when the process server is seen knocking on Suris' door at 5:51pm with the papers in hand and is later seen at 5:54pm and 5:56pm holding the same papers. Almost 10 minutes after the purported service, the process server is seen walking around the apartment complex holding the same papers. The process server did not serve anyone at the property, nor did he leave any documents or notice of attempts at service at the front door. *See Exhibit "B"*. Moreover, Plaintiff has not filed an additional Proof of Service alleging to have served any officer, employee, or agent of Defendant in accordance with Federal Rule of Civil Procedure 4(h)(1)(B) or Florida Statute §48.062(1). Furthermore, Plaintiff has not alleged, nor is there proof that, Defendant was trying to evade service of process. Accordingly, Plaintiff has failed to perfect service upon Defendant and thus the Court lacks jurisdiction for the Clerk to have issued a default against Defendant.

## IV.    CONCLUSION

As this Default was entered on the basis of invalid and improper service of process, due to Plaintiff's failure to effectuate service in a matter that complied with Florida Law, which must now be quashed, Defendant asks that the Court vacate the Clerk's Default and allow it to defend the allegations against it on the merits. Defendant should be entitled to have the Clerk's Default vacated as void due to the deficient service of process as allowed under Florida law or in the alternative due to the aforementioned good cause shown.

WHEREFORE, Defendant 365 Credit Clinic, LLC, respectfully requests this Court (i) quash service of process on Defendant; (ii) vacate the Clerk's Default; and (iii) for such other and further relief that this Court deems appropriate.

**EPGD ATTORNEYS AT LAW, P.A.**
777 SW 37th Ave, Suite. 510, Miami, FL 33135 • T: (786) 837-6787 F: (305) 718-0687 • www.epgdlaw.com

## Rule 7.1 Certification

Pursuant to Rule 7.1, undersigned counsel hereby certifies that counsel for the movant has conferred with counsel for Plaintiff regarding the relief sought in this Motion in a good faith effort to resolve the issues. Undersigned counsel sent a copy of this Motion with the attached Exhibits to counsel for Plaintiff. For purposes of judicial economy, counsel for Plaintiff agrees to vacate the clerk's default. The Parties further agree Defendant will file a Response to the Complaint on or before February 21, 2022.

Respectfully submitted,

**EPGD ATTORNEYS AT LAW, P.A.**
*Attorneys for Defendant*
777 SW 37th Ave. Ste. 510
Miami, FL 33135
T: (786) 837-6787 / F: (305) 718-0687
Email:  Madelyn@epgdlaw.com

By: /s/ Madelyn P. Peterson, Esq.
Madelyn P. Peterson, Esq.
Florida Bar No.: 1017228

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 4th day of February 2022. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: /s/ Madelyn P. Peterson, Esq.
Madelyn P. Peterson, Esq.

Florida Bar No.: 1017228

## **SERVICE LIST**

Alejandro Emmanuel Figueroa, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue
Suite 200
Lombard, IL 60148
6305758181
Fax: 6305758188
Email: alejandrof@sulaimanlaw.com