UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-24397-COOKE/DAMIAN

MITCHELL LOURIDO,

    Plaintiff,

vs.

365 CREDIT CLINIC LLC,

    Defendant.
_____/

**ORDER ON DEFENDANT'S UNOPPOSED
MOTION TO QUASH SERVICE OF PROCESS AND VACATE CLERK'S DEFAULT**

THIS CAUSE is before the Court on Defendant, 365 Credit Clinic LLC's ("365 Credit" or "Defendant"), Unopposed Motion to Quash Service of Process and Vacate Clerk's Default [ECF No. 9] (the "Motion").

THIS COURT has reviewed the Motion and supporting documents and the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby

ORDERED and ADJUDGED that the Motion is **GRANTED IN PART** as set forth below.

    **I.    BACKGROUND**

On December 20, 2021, Plaintiff filed a two-count complaint against Defendant seeking damages for violations of the Credit Repair Organization Act, 15 U.S.C. § 1679 *et seq.*, and Florida's Credit Service Organizations Act, Fla. Stat. § 817.7001 *et seq.* [ECF No. 1]. On January 11, 2022, Plaintiff filed a Return of Service indicating that Geovanni Suris had been served with the Summons and Complaint as the registered agent of Defendant on

January 1, 2022, at 5:48 p.m., at a Homestead address. [ECF No. 6]. Defendant did not respond to the Complaint or appear in the case. On January 25, 2022, after Defendant failed to appear, Plaintiff moved for entry of default [ECF No. 7], which the Clerk of Court subsequently entered on January 26, 2022. [ECF No. 8]. In the Motion, filed on February 4, 2022, Defendant seeks to quash service of process and set aside the clerk's default entered against it on grounds that it was not properly served. [ECF No. 9]. Defendant represents that after conferral with Plaintiff's counsel pursuant to Local Rule 7.1, Plaintiff agreed to Defendant's request to vacate the clerk's default, but the Motion is silent regarding whether Plaintiff agreed to the quashing of service of process. Instead, the Motion indicates the parties agreed that Defendant would respond to the Complaint by February 21, 2022. [*Id.* at 8]. As agreed by the parties, on February 21, 2022, Defendant filed its Answer and Affirmative Defenses. [ECF No. 10].

In support of its argument that service should be quashed, Defendant submits the affidavit of Geovanni Suris, Defendant's registered agent. [ECF No. 9-2]. In his affidavit, Mr. Suris states that he was not at the address indicated in the Return of Service during the time service was attempted, nor was any other person present at that time. [*Id.* ¶ 6]. Mr. Suris further states that, through Ring doorbell footage, he saw a person holding papers outside the door at the service address on the date service was allegedly effected. Mr. Suris claims the person he viewed through the Ring doorbell footage did not leave any documents at the address. [*Id.* ¶ 10–11, 14]. Thereafter, Mr. Suris contacted an attorney who was unable to find the instant case filed against Defendant. [*Id.* ¶ 12]. On January 29, 2022, Mr. Suris became aware of the underlying lawsuit upon receiving a copy of the clerk's default entered against Defendant. Mr. Suris promptly retained counsel on February 1, 2022, to represent Defendant

in the lawsuit. [*Id.* ¶¶ 15–17]. The Motion seeking to set aside the clerk's default was filed three days later, on February 4, 2022. [ECF No. 9].

## II.     APPLICABLE LEGAL STANDARDS

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(c) states that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The "good cause" standard is to be construed liberally on a case-by-case basis. *Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951–52 (11th Cir. 1996). In determining whether good cause exists to set aside a default, courts may consider: "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary; (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default." *S.E.C. v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011) (quoting *Compania Interamericana*, 88 F.3d at 951–52). Regardless of the factors used, they are simply "a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default. However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Compania Interamericana*, 88 F.3d at 951–52.

When ruling on a motion to set aside an entry of default, "[t]he Court is vested with considerable discretion[.]" *In re Fortner*, No. 12–60478, 2012 WL 3613879, at *7 (S.D. Fla. Aug. 21, 2012) (citing *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984)). Because

of the strong policy of determining cases on their merits, the Eleventh Circuit views defaults with disfavor. *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). As a result, in order to obtain relief under Rule 55(c), the movant need only make a "bare minimum showing" to support its claim for relief. *Fortner*, 2012 WL 3613879, at *7 (quoting *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988) (footnote omitted)). Lastly, it should be noted that the standard to be applied to set aside an entry of default is different from the standard applied to set aside a default judgment. Specifically, the "excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default." *Tyco Fire & Sec. v. Alcocer*, No. 04-23127, 2009 WL 789657, at *2 (S.D. Fla. Mar. 23, 2009) (quoting *Equal Emp. Opportunity Comm'n v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990)).

With regard to motions to quash service of process, courts are careful to consider both the need for compliance with applicable procedures as well as the need for timely objections based on a claim of a lack of such compliance. "Where service of process is insufficient, a district court lacks personal jurisdiction over the defendant." *APL Microscopic, LLC v. Corporate American Sols., LLC*, No. 17-23316, 2017 WL 5290898, at *1 (S.D. Fla. Nov. 9, 2017) (citing *Kelly v. Florida*, 233 F. App'x 883, 884 (11th Cir. 2007)). "Courts require strict compliance with service of process procedures." *Id.* (citation omitted). Nevertheless, "lack of personal jurisdiction is a waivable defect, and . . . a defendant waives any objection to the district court's jurisdiction over [its] person by not objecting to it in a responsive pleading or a Fed. R. Civ. P. 12 motion." *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004) (citation omitted); *see also* Fed. R. Civ. P. 12(b)(2), (h). "A party that fails to raise a defense of lack of

4

personal jurisdiction at the appropriate time is deemed to have conferred personal jurisdiction on the court by consent." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).

## III.  DISCUSSION

With the foregoing in mind, the Court first considers whether Defendant has shown good cause to set aside the clerk's default. In its Motion, Defendant asserts the Court should vacate the clerk's default because Defendant was never properly served. Plaintiff did not file a response to the Motion and does not oppose the relief sought by Defendant insofar as the Motion seeks to vacate the default. The Court finds that Defendant's default was neither culpable nor willful. Further, Plaintiff would not suffer any prejudice by the Court's setting aside the default and, indeed, Plaintiff does not oppose that specific relief sought in the Motion. Additionally, Defendant has a potentially meritorious defense to overcome the imposition of default judgment by asserting that Plaintiff failed to attach the contract between the parties at issue to the Complaint. *See Go Relax Travel, LLC v. Process America, Inc.*, No. 12-20867, 2012 WL 13014700, at *2 (S.D. Fla. July 13, 2012) ("Likelihood of success is not the measure with respect to the sufficiency of a meritorious defense when weighing a vacatur of the Clerk's entry of default.").

Moreover, Defendant acted promptly to address the default. Soon after learning of the lawsuit when it received a copy of the clerk's default by mail on January 29, 2022, Defendant sought and retained counsel on February 1, 2022, to represent it in the instant action. The Motion was filed on February 4, 2022. Therefore, the Court finds Defendant acted promptly to correct the default. *See id.* at *3 (noting two-week delay from the time the defendant alleged it first became aware of the lawsuit to when it retained counsel and filed motion to set aside default was not unreasonable). Accordingly, the Court finds Defendant has demonstrated

5

good cause to set aside the clerk's default under Rule 55(c).

The Court next considers Defendant's request to quash service of process. As indicated above, although Plaintiff did not file a response to the Motion, Defendant's certificate of conferral is silent regarding whether Plaintiff objects to the request to quash service. However, Defendant filed an Answer and Affirmative Defenses. [ECF No. 10]. Defendant did not object to the Court's exercise of personal jurisdiction over it in a motion to dismiss under Federal Rule of Civil Procedure 12 or in its Answer and Affirmative Defenses. Instead, by filing an Answer and not objecting, Defendant waived any objection to personal jurisdiction and thus, consented to this Court's jurisdiction. *See Pardazi*, 896 F.2d at 1317. The Motion to quash service of process is, therefore, moot.

## IV. CONCLUSION

Accordingly, for the reasons stated above, it is hereby

ORDERED and ADJUDGED that Defendant's Unopposed Motion to Quash Service of Process and Vacate Clerk's Default [ECF No. 9] is **GRANTED IN PART** as follows:

1. The Motion to Quash Service of Process is **DENIED AS MOOT** based on Defendant's filing of an Answer and Affirmative Defenses in this matter; and

2. The Motion to Vacate Clerk's Default is **GRANTED**. The Clerk of Court is directed to **VACATE** its Entry of Default [ECF No. 8].

**DONE and ORDERED** in Chambers at Miami, Florida this 2nd day of March 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record